LANCOURSE REALTY CORP., Landlord, *v.* MOSES COHEN, Tenant.

Municipal Court of New York, Borough of Bronx, Second District,
February 18, 1938.

*Moses Polakoff*, for the landlord.

*Steinberg & Steinberg* [*Bertram Steinberg* of counsel], for the tenant.

LEVY, J. By lease dated December 31, 1935, the landlord rented to the tenant, and the tenant hired, a residential apartment, for a term of one year, commencing February 1, 1936, and ending January 31, 1937, "at an annual rental of $900, payable in equal monthly installments of $75," "upon the covenants and conditions following:" "28. Provided that Tenant complies with all the terms and conditions of this lease, the Landlord agrees to grant the Tenant a concession for the month of January 1937." The tenant, who had occupied the apartment prior to the execution of the lease, continued in possession and duly paid the stipulated rent for the term of the written lease, and, beyond that, until and including December, 1937. The tenant also occupied the apartment in January, 1938, but refused to pay any rent demanded by the landlord for that month.

The landlord instituted this summary proceeding for the non-payment of the rent allegedly due for January, 1938. The tenant moved during that month, and the only question which remains is the liability of the tenant for any rent for the month of January, 1938. The tenant defends upon the ground that he is entitled to a ' concession " for the month of January, 1938.

When the tenant continued in possession after the expiration of the lease, January 31, 1937, without any other or new agreement with the landlord, the law gave the landlord an option to treat the tenant as a trespasser or as a hold-over tenant. In this case, the landlord elected to treat the continued occupancy as a hold-over tenancy.

Cases are legion on the general proposition that a tenant who holds over the term does so at his peril; and the owner of the premises may treat him as a trespasser, or as a tenant for another year. In all of those cases the general language is that such a hold-over tenancy for another year is "upon the same terms as the prior lease," or substantially similar language.

The research of counsel for the respective parties has been unproductive, however, of any authorities squarely in point on the proposition as to whether or not the tenant in this case should be required to pay any rent for the month of January, 1938.

The lease, in the beginning of the instrument, provided for $900 annual rent; and at the end of the instrument, in clause 28, this was modified by reducing the rent in the sum of $75 as a so-called "concession." If the lease required the payment of $825 annual rent, at the outset, instead of providing for the same thing by having one rent specified in the beginning, and a reduction specified at the end of the instrument, there would be no doubt that the annual rent under the hold-over would be the same as the annual rent under the lease.

If the lease provided that the tenant was to receive a concession " for the last month of the demised term," instead of " for the month of January, 1937 "— which was in fact the last month of the demised term — it is my opinion that there would be no question that the tenant, as a hold-over, would not be required to pay more for the new year than he paid the preceding year under the lease. He would be entitled to a concession for the last month of the demised term under the hold-over, to wit, January, 1938.

Should it make any difference because at the time of the execution of the written lease the parties used one form of language to express their agreement, rather than another form? I think not. Substance, and not form, is what the parties agreed to. Substance, and not form, is what the law should be asked to enforce. Substance, and not form, is what appeals to me.

On February 24, 1937, the landlord wrote the tenant as follows:

" This is to notify you that your lease expired on January 31st, 1937, and that you have elected to hold over and to remain in said premises.

" Under the circumstances, the Landlord elects to treat you as a hold-over for another term of one year upon the same terms and conditions as contained in your previous lease.

" You will, of course, not be entitled to any concession for the month of January, 1938."

It is argued on behalf of the landlord that since in the last paragraph of this letter the landlord informed the tenant that he " will, of course, not be entitled to any concession for the month of January, 1938," the tenant is not entitled to that concession. In the preceding paragraph of that letter the landlord elected to treat the tenant as a hold-over " for another term of one year upon the same terms and conditions as contained in your previous lease." This letter was written on February 24, 1937, after the expiration date of the written lease, January 31, 1937. It is suggested that because the tenant remained in possession after the receipt of this letter the tenant has waived his right to the concession for January, 1938.

If the tenant had vacated the premises upon receipt of this letter in the end of February, 1938, the landlord could, nevertheless, have elected to treat the tenant as a hold-over for another year, and, under the present state of the law, probably succeed in obtaining judgment for all of the succeeding months of that year. The continuance of the tenant in possession therefore, to my mind, is not a waiver of his rights as a hold-over tenant. One of these rights is that upon holding over, and being treated by the landlord as a hold-over rather than a trespasser, the tenant is entitled

to occupy the premises for the additional period upon the same terms and conditions as contained in his previous lease.

I think it would be stretching the law of hold-over too far, and it would work additional hardships upon tenants, if it could be held that after the expiration of the term the landlord has a power not only to hold the tenant as a hold-over for an additional year but, *ex parte*, to change the terms of the agreement between the parties.

I grant final order to the tenant, dismissing the petition on the merits. No costs.